IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
CIVIL ACTION NO. 7:07-CV-00159

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> WAVES SURF & SPORT, INC., ) <br> ) <br> Defendant. ) <br> _____ ) | **COMPLAINT** <br> **JURY TRIAL DEMAND** |

NATURE OF THE ACTION

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of sex, and to provide appropriate relief to employees who were adversely affected by the practices. The Commission alleges that Defendant Waves Surf & Sport, Inc. ("Defendant") discriminated against Tina Dockery and other similarly situated female employees by subjecting them to sexual harassment and a sexually hostile work environment because of their sex, female. The Commission further alleges that Defendant constructively discharged Tina Dockery because of her sex.

JURISDICTION AND VENUE

1. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f) (1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e–5(f) (1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Eastern District of North Carolina.

PARTIES

3. Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII of the Civil Rights Act and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4. At all relevant times, Defendant Waves Surf & Sport, Inc. has continuously been a South Carolina corporation doing business in the State of North Carolina and the City of Ocean Isle Beach and has continuously had at least fifteen employees.

5. At all relevant times, Defendant Waves Surf & Sport, Inc. has continuously been an employer engaged in an industry affecting commerce under Sections 701 (b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h).

STATEMENT OF CLAIMS

6. More than thirty days prior to the institution of this lawsuit, Tina Dockery filed a charge with the Commission alleging a violation of Title VII by Defendant. All conditions precedent to the institution of this lawsuit have been fulfilled.

7. Since at least March 2005 until at least June 2005, Defendant has engaged in unlawful employment practices at its facility located in Ocean Isle Beach, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. § 2000e-2(a)(1). Specifically, Defendant subjected Tina Dockery and other similarly situated female employees to discrimination based on their sex by subjecting them to sexual harassment that created a sexually hostile work
2

Case 7:07-cv-00159-FL    Document 1    Filed 09/27/07    Page 2 of 5

environment. The sexual harassment included unwelcome sexual touching, comments and advances by two of Defendant's male managers who were in the direct line of supervision of Ms. Dockery and the other aggrieved individuals. Defendant failed to take reasonable steps to prevent or correct the sexual harassment and the sexual harassment continued. As a result of the sexual harassment, in April 2005, Ms. Dockery was forced to resign.

8. The effect of the practices complained of in paragraph 7 above has been to deprive Tina Dockery and other similarly situated female employees of equal employment opportunities and otherwise adversely affect their status as employees because of their sex.

9. The unlawful employment practices complained of in paragraph 7 above were intentional.

10. The unlawful employment practices complained of in paragraph 7 above were done with malice or with reckless indifference to the federally protected rights of Tina Dockery and other similarly situated female employees.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from sexual harassment or any other employment practice that discriminates on the basis of sex.

B. Order Defendant to institute and carry out policies, practices, and programs that provide equal employment opportunities for female employees and which eradicate the effects of its past and present unlawful employment practices.

C. Order Defendant to make whole Tina Dockery, by providing appropriate backpay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices, including but not limited to reinstatement of Tina Dockery.

D. Order Defendant to make whole Tina Dockery and other similarly situated female employees by providing compensation for past and future pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above in amounts to be determined at trial.

E. Order Defendant to make whole Tina Dockery and other similarly situated female employees by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices complained of in paragraph 7 above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, and loss of civil rights in amounts to be determined at trial.

F. Order Defendant to pay Tina Dockery and other similarly situated female employees punitive damages for its malicious and reckless conduct, as described above, in amounts to be determined at trial.

G. Grant such further relief as the Court deems necessary and proper in the public interest.

H. Award the Commission its costs of this action.

### JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this 27th day of September, 2007.

Respectfully submitted,

RONALD S. COOPER
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
1801 L Street, N.W.
Washington, D.C. 20507

/s/ Lynette A. Barnes
LYNETTE A. BARNES
Regional Attorney

TINA BURNSIDE
Supervisory Trail Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202

/s/ Zoë G. Mahood
 ZOË G. MAHOOD
Senior Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Raleigh Area Office
1309 Annapolis Drive
Raleigh, North Carolina 27608
Telephone:   919.856.4080
Facsimile:   919.856.4156
Zoe.Mahood@eeoc.gov

ATTORNEYS FOR PLAINTIFF

5

Case 7:07-cv-00159-FL    Document 1    Filed 09/27/07    Page 5 of 5